# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.          Criminal Case No: 1:15-cr-8

**JACOB HONAKER,**
    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION REGARDING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jacob Honaker, in person and by counsel, Katy Cimino, appeared before me on February 5, 2015. The Government appeared by Shawn Morgan, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court then inquired whether Defendant was a citizen of the United States. Defendant responded that he was a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation

at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jacob Honaker, after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily

proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging him with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j)and 924(a)(2). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; a fine of not more than $250,000.00, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. Defendant further understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. Earlier I told you that you have certain rights of appeal. Under 18 U.S.C. § 3742, you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals, which is located in Richmond, Virginia. Did you discuss that with Mr. Kornbrath?

Def. Yes, sir.

Ct. Under 28 U.S.C. § 2255, you may be able to file what is called a writ of habeas corpus type

motion collaterally attacking and challenging the sentence and how it's being carried out. Did you discuss that with Mr. Kornbrath?

Def. No, sir.

Ct. No? Well, it's a given that you can do that. Now, when you read paragraph 10 of your plea agreement, you agreed to the following–you agreed to waive your right to appeal any order, conviction, and any sentence that is the same as or equal to a Guideline sentence with, "a base offense level starting point of 12 or lower."

Def. Yes, sir.

Ct. You also agreed to give up–waive–your right to file a writ of habeas corpus type motion under 28 U.S.C. § 2255, that's (b).

Def. Yes, sir.

Ct. The only thing you reserve to yourself is, should you, after today, discover that there was prosecutorial misconduct or ineffective assistance of counsel, then you can raise those on appeal or at habeas.

Def. Yes, sir.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def. No, sir.

Ct. Do you know of any prosecutorial misconduct in your case as you sit here today?

Def. No, sir.

Ct. So you fully understand that if any of that exists, you have to find out about it after today, as you just told me that there wasn't any that you knew about today, is that correct?

Def. Yes, sir.

4

Ct. All other rights, if your sentence is equal to a base offense–Guideline sentence that starts out with a base offense level of 12 or lower, you've given all those rights up, is that correct?

Def. Yes, sir.

Ct. And you intended to do that by signing the agreement with paragraph 10 in it, is that correct?

Def. Yes, sir.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court

5

adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard testimony from Special Agent Ken Peck from the Bureau of Alcohol, Tobacco,

Firearms, and Explosives. Special Agent Peck testified that in 2014, he was involved in the investigation of firearms stolen from a residence and farm, owned by the same family, in Monongalia County, West Virginia, within the Northern District of West Virginia. Multiple thefts occurred at those locations between June 26, 2014, and August 1, 2014. Just before August 1, 2014, the owner placed a trail camera outside of the residence. That camera showed Defendant and another individual going into and out of the residence. The last theft occurred on August 1, 2014. In total, fourteen (14) firearms were stolen, and three (3) were recovered. The firearms stolen included those named in the Information. Special Agent Peck spoke with the victims and learned that they owned and operated a barbershop in Morgantown, West Virginia, and that they had befriended Defendant because he had been living across the street from the shop. The victims, upon learning that Defendant was unemployed, gave him odd jobs, such as landscaping, to do around their residence and farm. Special Agent Greg Perry determined that the firearms had been shipped and transported in interstate commerce and that they all met the federal definition of a firearm.

Defendant stated he heard, understood, and agreed with all of Special Agent Peck's testimony except for the number of firearms that were stolen. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Jacob Honaker, with the consent of his counsel, Brian Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the

undersigned United States Magistrate Judge hearing his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by Special Agent Peck's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release to be entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 6th day of February, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE